## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 13-26305 |
| | ) | |
| Emmit Neal and Paula Neal | ) | Hon. Jack B. Schmetterer |
| | ) | |
| Debtors | ) | Chapter 13 |
| | ) | |
| Emmit Neal and Paula Neal | ) | Adv No. 12 A 01594 |
| | ) | |
| Plaintiffs | ) | Hon. Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| | ) | |
| Brendan Financial, Inc | ) | |
| | ) | |
| Defendant | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Subsequent to a trial on the merits and the Court having heard the facts and taken evidence, the following findings of fact and conclusions of law are made and will be entered:

1. This Court has jurisdiction under 11 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(K). This matter has been referred to this Court via internal operating procedure 15(a) of the District Court for the Northern District of Illinois.

2. Venue is proper under 28 U.S.C. § 1409 because the Plaintiffs are citizens of Illinois and reside in Cook County, Illinois.

3. Plaintiffs are individuals residing at 1206 S. 1st Ave., Maywood, IL 60153.

4. Brendan Financial is a lender and/or servicer of mortgages.

5. Plaintiffs filed for relief under chapter 13 of the United States Bankruptcy Code on June 29, 2012 in the Northern District of Illinois, case number 12-26305.

6. This adversary proceeding arises under sections 502 and 1322(b)(2) of the United States Bankruptcy Code.

7. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

8. Plaintiffs are the owners of real estate located at 1206 S. 1st Ave., Maywood, IL 60153, described as follows:

Parcel ID #: 15-14-123-009-0000

9. The fair market value of the real estate is ~~$60,000~~ *less than $100,000*

10. A first mortgage lien is currently held by Carrington Mortgage in the amount of $152,465.57.

11. Under 11 U.S.C. §§ 506(a) and 1322(b)(2), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

12. The amount owed on the first mortgage ($152,465.57) exceeds the value of the property ~~($60,000)~~ *(less than $100,000)*.

13. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In Re Bartee, 212 F.3d 277 (5th Cir. 2000); In Re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed: /s/ Jack B. Schmetterer

OCT 28 2013

Prepared by:
Jonathan D. Parker
Attorneys for Plaintiffs
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603